**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

**JEFFREY C. GARDNER**,

      Plaintiff,

v.                                                                                              No. CIV-05-1058 MV/ACT

**UNITED STATES GOVERNMENT
DEPARTMENT OF THE TREASURY
INTERNAL REVENUE SERVICE**,

      Defendant.

## MEMORANDUM OPINION and ORDER

This matter came on for consideration of the Plaintiff's Motion to Amend [Doc. No. 12, filed Feb. 1, 2006], his Motion for Clarification of Document of Record [Doc. No. 16, filed Feb. 15, 2006], and the United States' Motion to Dismiss [Doc. No. 15, filed Feb. 10, 2006]. The Court has reviewed the motions, the memorandum and exhibits submitted by the parties, and the relevant authorities. The Court finds that all motions are well taken and will be granted.

### I. Procedural History

In October 2005 Mr. Gardner filed an initial pleading entitled "Request for Judicial Review of IRS Appeals Division Ad Hoc Determination," "Request for Judicial Review of the Appellation 'Taxpayer' Erroneously Applied to Plaintiff," and "Request for Refund of Reeouneously [sic] Withheld Earnings," hereinafter called "the original complaint." Doc. No. 1 at 1. He requested, and was granted, *in forma pauperis* status. The original complaint seeks a refund of taxes paid for 1999, damages for violation of various notice provisions of the tax code,

1

and an injunction to force the United States to answer questions about Mr. Gardner's status as a taxpayer[1].  It is this complaint to which the United States' Motion to Dismiss is directed[2].

In February 2006, before the United States had filed its motion to dismiss, Mr. Gardner filed a Motion to Amend his complaint and submitted an "Amended Request for Judicial Review of IRS Determination." Doc. No. 14.  He did not serve the amended complaint on the United

---

[1] Support for Mr. Gardner's complaints is based in part upon frivolous tax protestor arguments that have been long rejected in the Tenth Circuit.  *See*, *e.g.*, *Lonsdale v. United States*, 919 F.2d 1440, 1448 (10th Cir. 1990) (rejecting argument that individual who is a citizen of a state is not a person or "citizen" under Internal Revenue Code as "completely lacking in legal merit and patently frivolous" and similarly rejecting claims that "the authority of the United States is confined to the District of Columbia;" that "the income tax is a direct tax which is invalid absent apportionment;" that "wages are not income; [] the income tax is voluntary; [or that] no statutory authority exists for imposing an income tax on individuals"; that "individuals are not required to file tax returns fully reporting their income"; and that "tax forms, including 1040, 1040A, 1040EZ and other reporting forms, are invalid."  Mr. Gardner is on notice that the courts "are not required to expend judicial resources endlessly entertaining repetitive arguments.  Nor are opposing parties required to bear the burden of meritless litigation." *Id.*  If he continues filing suits making these frivolous arguments, he will be subject to sanctions.

[2] Mr. Gardner filed a suit that is similar to his original complaint for a different tax year in the Western District of Texas in 2002, which was dismissed for failure to state a claim. *See Gardner v. United States*, No. 02-CV-104-E, 2002 WL 1821581 (W.D. Tex. June 12, 2002).  There, as here, Mr. Gardner had not complied with the pre-requisite elements for filing a complaint for refund in the district courts under 28 U.S.C. § 1346(a) by first filing a claim for refund with the IRS. *See* 26 U.S.C. § 7422(a) (providing that "[n]o suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected . . . until a claim for refund or credit has been duly filed with the Secretary . . . "); *Angle v. United States*, 996 F.2d 252, 253 (10th Cir. 1993) ("Filing a timely tax refund claim with the IRS is a jurisdictional prerequisite to maintaining a tax refund suit.")

In addition, his request for a declaration that he was not subject to federal income tax was dismissed because courts generally lack jurisdiction to grant declaratory or injunctive relief in cases involving federal income taxes. *See Gardner*, 2002 WL 1821581 at *2-*3 (citing 26 U.S.C. § 7421(a) (The Anti-Injunction Act), and 28 U.S.C. § 2201 (The Declaratory Judgment Act)); *Kemlon Prods. & Dev. Co. v. United States*, 638 F.2d 1315, 1320 (5th Cir. 1981) (holding that Anti-Injunction Act applies to activities leading up to assessment and collection of taxes).

States because he claimed that he had no address for it.  The amended complaint considerably limited the nature of Mr. Gardner's claims.  It alleges that the IRS sent Mr. Gardner a notice of deficiency in November 2004 for tax year 1999 that informed him of unpaid income taxes, penalty, and interest.  Doc. No. 14 at 2.  According to the amended complaint, thereafter, the IRS sent a final notice of its intent to levy, and in January 2005 Mr. Gardner timely demanded a hearing pursuant to 26 U.S.C. § 6330(a).  The IRS informed him of the hearing procedure, which was to be conducted by telephone.  Mr. Gardner refused to appear by phone, instead demanding a face-to-face hearing in Las Cruces, NM.  The IRS did not respond to his demand, and in September 2005, it issued a notice of determination affirming its intent to levy.  *Id*. at 2-3.

    Mr. Gardner did not seek judicial review of the notice of determination in the Tax Court as provided by 26 U.S.C. § 6330(d).  Instead, he filed his complaints for judicial review in this court.  But, as discussed below, his amended complaint does not simply request judicial review of the IRS's final determination; it basically challenges the whole statutory basis for taxation and accuses the IRS of "knowing and willing violations of Plaintiff's rights as a U.S. National citizen of New Mexico."  Doc. No. 14 at 15.  It requests that the Court vacate the IRS Determination and Demand against him for tax year 1999.  *Id.*

## II.  Analysis

For the purposes of determining the Court's jurisdiction over Mr. Gardner's cause of action, I will grant his motion to amend his original complaint and his motion seeking confirmation that his amended complaint is "the moving document of record," Pl. Mot. for Clarification at 1.  *See* Fed. R. Civ. P. 15(a) ("A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served.)";  *Gschwind v. Cessna*

*Aircraft Co.*, 232 F.3d 1342, 1346 (10th Cir. 2000) (noting that "federal courts have jurisdiction to determine jurisdiction") (internal quotation marks omitted). Therefore, because he did not raise them in his amended complaint, I consider Mr. Gardner's requests for mandamus relief and for a refund in his original complaint to be voluntarily dismissed. Accordingly, I will fully discuss only those parts of the United States' Motion to Dismiss that are relevant to the amended complaint.

In the amended complaint's first "cause of action," Mr. Gardner asserts that the government cannot invoke the tax code against him because, among other reasons, it is limited to the district of Columbia and he has "resigned his Social Security trusteeship." Doc. No. 14 at 2-3. His second "cause of action asserts that the tax code "is a private law codex that cannot compel Plaintiff" and is not "positive law." *Id.* at 6. His third "cause of action" states that the government "cannot invoke conclusory presumptions for prima facie evidence . . . to validate its determination without violating Plaintiff's Fifth/Fourteenth Amendment right to due process." *Id.* at 7. He claims that one "unwarranted presumption" is that he is a "taxpayer," and that he "subjects himself to nothing." *Id.* at 8. For his fourth "cause of action," Mr. Gardner asserts that "he is not the object of Defendant's demands" because the "demand documents" identify a "taxpayer," which he is not, and because he denies that the 1040 tax forms are part of the tax code. *Id.* at 12-13. In his fifth "cause of action," Mr. Gardner asserts that the government denied him a due process forum to challenge the IRS's jurisdiction and "conclusory presumptions." *Id.* at 13. "Cause of action" number six asserts that the tax liens are "unenforceable because no associated legislative enforcement regulations from the Secretary of the Treasury exist." *Id.* at 14. And, the seventh "cause of action" contends that "no law of his New Mexico domicile . .

4

provide[s] relief for Defendant's demands," so the tax liens should be vacated. *Id.* at 15.

In summary, the first four "causes of action" are simply omnibus challenges to the IRS's authority to impose and levy taxes. The fifth "cause of action" is a claim that he was denied due process, and the last two "causes of action" challenge the tax liens themselves. All must be dismissed.

"[T]he party invoking federal jurisdiction bears the burden of establishing its existence." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 104 (1998). The federal government and its agencies may be sued only if it has waived its sovereign immunity. *Dahl v. United States*, 319 F.3d 1226, 1228 (10th Cir. 2003). Federal tax assessments and liens may be attacked only through statutorily-prescribed administrative and judicial avenues. *See Lonsdale v. United States*, 919 F.2d 1440, 1442-44 (10th Cir. 1990). When the United States is a defendant in an action by a taxpayer, the taxpayer has the burden of showing an "explicit waiver of sovereign immunity" as a prerequisite to federal court jurisdiction. *Id.* "Waivers of the Government's sovereign immunity, to be effective, must be unequivocally expressed," and "the Government's consent to be sued must be construed strictly in favor of the sovereign." *United States v. Nordic Village, Inc.*, 503 U.S. 30, 33-34 (1992) (internal quotation marks omitted).

Mr. Gardner states that his amended suit arises under the Fifth and Fourteenth Amendments to the Constitution, 28 U.S.C. § 1331, and 4 U.S.C. § 72, which provides that "[a]ll offices attached to the seat of government shall be exercised in the District of Columbia, and not elsewhere, except as otherwise expressly provided by law." Clearly, Mr. Gardner's suit is not brought under § 72, and no waiver of sovereign immunity arises from that statute. And it has long been held that "[s]overeign immunity is not waived by general jurisdictional statutes such as

28 U.S.C. § 1331 (federal question jurisdiction), 28 U.S.C. § 1340 (jurisdiction over actions arising under the Internal Revenue Code), and 28 U.S.C. § 1361 (action to compel a government officer to perform his duty)." *Lonsdale*, 919 F.2d at 1444. Mr. Gardner has failed to identify a statute under which he may challenge the IRS's authority to impose and collect taxes without first exhausting his administrative remedies in the Tax Court, *see id.* at 1442 (listing the ways an individual may validly challenge payment of taxes and for which sovereign immunity has been waived), thus I conclude that he failed to meet his burden to show that sovereign immunity over the first four "causes of action" has been waived.

If his claims could be interpreted as again asking this Court to make a determination of his status as a taxpayer and the jurisdiction of the IRS to tax his income, such requests are barred by the Declaratory Judgment Act, 28 U.S.C. § 2201. *See Gardner*, 2000 WL 34327006 at *5 (citing *Fostvedt v. United States*, 978 F.2d 1201, 1203 (10th Cir. 1992)).

Because Mr. Gardner is appearing pro se, the United States suggests that Mr. Gardner's fifth cause of action alleging damages for violation of his constitutional right to due process may arise under 26 U.S.C. § 7433.[3] But the government points out that any claims under this statute would have to be dismissed because Mr. Gardner failed to exhaust the requisite administrative proceedings. *See* 26 U.S.C. § 7433(d)(1) (providing that plaintiff must exhaust administrative remedies). Whether I treat § 7433(d)(1)'s restriction as jurisdictional or nonjurisdictional in

---

[3] 26 U.S.C. § 7433(a) provides: "If, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence disregards any provision of this title, or any regulation promulgated under this title, such taxpayer may bring a civil action for damages against the United States in a district court of the United States. Except as provided in section 7432, such civil action shall be the exclusive remedy for recovering damages resulting from such actions."

character, I conclude that, by failing to allege exhaustion of administrative remedies, Mr. Gardner has failed to state a claim upon which relief may be granted. *Cf. Turner v. United States*, ___ F. Supp. 3d ___, 2006 WL 1071852, *4-*5  (D.D.C. 2006) (treating failure to exhaust under § 7433 as nonjurisdictional restriction but dismissing for failure to state a claim), *with Conforte v. United States*, 979 F.2d 1375, 1377 (9th Cir. 1992) (dismissing case for lack of jurisdiction because plaintiff failed to exhaust administrative remedies).

Further, Mr. Gardner has previously maintained suit against the IRS for allegedly unauthorized collection actions under § 7433 and knows how to cite the statute as support for his claims if he thinks it may apply. *See Gardner v. I.R.S.*, No. 99-cv-1176 JC/LS, 2000 WL 34327006 (D.N.M. Dec. 14, 2000).  I see no reason to suggest a statute as a basis for jurisdiction that Mr. Gardner did not choose to cite.

In response to the motion to dismiss, Mr. Gardner frivolously argues that "sovereign immunity is a maxim, a doctrine, but it is not law."  Pl. Resp. to Mot. to Dismiss at 1.  He next erroneously contends, without citing relevant legal authority, that the Tenth Amendment to the Constitution defeats federal sovereign immunity.  *See id.* at 2.  Mr. Gardner's contention that the "Tax Court has no jurisdiction in the matter" because he does not "volunteer into" Tax Court jurisdiction, *id.* at 8, is specious.  Choosing not to exercise his right to present challenges to tax liens in Tax Court does not affect the Tax Court's statutory jurisdiction over tax matters.

Clarifying his complaint, Mr. Gardner next contends that the motion to dismiss must be denied because he only "seeks to enjoin a current collection attempt, not recover taxes withheld from 1999 wages or levy."  *Id.* at 5.  That being true, Mr. Gardner's last two claims in his amended complaint clearly must be dismissed under the Anti-Injunction Act, 26 U.S.C. § 7421.

*See Lonsdale*, 919 F.2d at 1442 (holding that an "attempt to prevent the collection of assessed taxes by challenging the underlying tax assessments . . . violates the Anti-Injunction Act on its face.").

Mr. Gardner's argument that the United States' reliance on § 7421 "overlooks 26 U.S.C. § 3653" and its interpretive case law is plainly without merit. Before the recodification of the tax laws in 1954, § 7421 was formerly codified as § 3653 - that is, § 3653 codified the Anti-Injunction Act between 1939 and 1954. *See Rampton v. Fox*, 235 F.2d 883, 885 n.1 (10th Cir. 1956). Mr. Gardner does not allege that his amended complaint falls into any of the statutory exceptions discussed in the relevant case law, and his claim alleging violation of the Fourth and Fifth Amendments to the Constitution does not provide an exception to the application of the Anti-Injunction Act. *See Alexander v. "Americans United" Inc.*, 416 U.S. 752, 759 (1974) ("the constitutional nature of a taxpayer's claim . . . is of no consequence under the Anti-Injunction Act").

The remainder of Mr. Gardner's arguments are either incomprehensible or nothing more than rote and meritless tax protestor garble.[4] I conclude that this court has no jurisdiction over Mr. Gardner's petition for judicial review because he cannot show waiver of the United States'

---

[4] For example, Mr. Gardner claims that the tax laws apply only to "taxpayers" and do not apply to him because the United States cannot prove he is a "taxpayer." Since he refuses to voluntarily pay taxes, he claims he is a "nontaxpayer". Pl. Resp. to Mot. to Dismiss at 6, 7. He claims that there is no evidence that the United States has shown any formal assessment against him. *Id.* at 9. But Mr. Gardner submitted a computer-generated transcript of the 1999 tax year assessment record that includes all of the information required. *See* Doc.1 Ex. 24; *and see* 26 C.F.R. § 301.6203-1 ("If the taxpayer requests a copy of the record of assessment, he shall be furnished a copy of the pertinent parts of the assessment which set forth the name of the taxpayer, the date of assessment, the character of the liability assessed, the taxable period, if applicable, and the amounts assessed.")

sovereign immunity and because he has not stated a claim upon which relief may be granted.  I further conclude that his request to vacate the tax lien is barred by the Anti-Injunction Act.

**NOW, THEREFORE**, Plaintiff's Motion to Amend [Doc. No. 12] and his Motion for Clarification of Document of Record [Doc. No. 16] are **GRANTED** and the United States' Motion to Dismiss [Doc. No. 15] is **GRANTED**.  This action is **DISMISSED.**

Dated this 7th day of June, 2006.

_____
**MARTHA VAZQUEZ**
**CHIEF UNITED STATES DISTRICT JUDGE**

Jeffrey C. Gardner, *pro se*
4108 Mission Bell Ave.
Las Cruces, NM 88011

*Attorney for Defendant:*
David C. Iglesias
717 N. Harwood, Ste. 400
Dallas, TX 75201